# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*646-837-5120*
*vlevy@hsgllp.com*

September 10, 2020

VIA ECF
Hon. George B. Daniels
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

SO ORDERED:

*[signature]*

George B. Daniels, U.S.D.J.

Dated:_____OCT 0 7 2020_____

Re: Request to Seal in LCM XXII Ltd., et al. v. Serta Simmons Bedding, LLC, et al., No. 20-cv-5090.

Dear Judge Daniels:

We write on behalf of Plaintiffs in the captioned action to respectfully request that the Court issue an order permitting the filing under seal of the Indentures, Collateral Management Agreements, Articles of Association, and Offering Memoranda, attached as Exhibits A-N and S-FF to the Declaration of Vincent Levy (collectively, the "Sealed Materials"). Pursuant to Rule I.D.ii.1 of Your Honor's Individual Rules and Practices, Plaintiffs have conferred with counsel for Defendants regarding the requested sealing, and Defendants do not oppose the below request.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009). "First, the Court determines whether the relevant document is a "judicial document." *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Second, "if it is a judicial document, the Court must determine the weight of this presumption." *Id*. Third, "the Court must balance competing considerations." *Id*.

Courts in this District agree that disclosure of sensitive, confidential business information can constitute sufficiently weighty "competing considerations" so as to outweigh the presumption in favor of access. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing "material concerning the defendants' marketing strategies, product

development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information [that] . . . provide[d] valuable insights into a company's current business practices").

Though Plaintiffs do not contest that the Sealed Materials are judicial documents, *Lugosch*, 435 F.3d at 119, the weight of the presumption in favor of access is relatively low, because the Sealed Materials are not documents central to the dispute (though Plaintiffs believe they are important enough to warrant the Court's attention). *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

Moreover, Plaintiffs believe sealing is warranted because disclosure of the Sealed Materials would reveal confidential business terms and financially sensitive information regarding Plaintiffs that would likely result in competitive harm. *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redactions warranted where "material contain[ed] sensitive information that, if disclosed, might harm [movant's] competitive standing"). For example, the Indentures contain financial information regarding the loan issuance that is highly sensitive and confidential. The Collateral Management Agreements contain detailed, non-public information concerning Plaintiffs' business arrangements and terms with its collateral manager. And the Articles of Association and Offering Memoranda reveal sensitive information regarding Plaintiffs' organizational structure. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (granting motion to seal where disclosure might reveal sensitive information to competitors). When compared with the relatively weak presumption in favor of public access in these circumstances, Plaintiffs' interest in sealing outweighs the public's interest in the documents—particularly since Plaintiffs' are "closed business[es]," where the disclosure of "specific business information and strategies" constitutes a "legitimate privacy interest[ ]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *cf. Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public").

For the reasons stated above, Plaintiffs respectfully request that the Court enter an Order sealing the Indentures, Collateral Management Agreements, Articles of Association, and Offering Memoranda, attached as Exhibits A-N and S-FF to the Declaration of Vincent Levy,

Respectfully submitted,

/s/ Vincent Levy
Vincent Levy

cc:  Counsel of record (via ECF)