# Weil, Gotshal & Manges LLP

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

August 27, 2020

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, NY 10007

OCT 29 2020

SO ORDERED:

/s/ George B. Daniels

George B. Daniels, U.S.D.J.

Dated: OCT 29 2020

Re: *LCM XXII Ltd. v. Serta Simmons Bedding, LLC*, No. 20 Civ. 05090 (GBD)
    Request to Seal

Dear Judge Daniels:

I write on behalf of Defendant Serta Simmons Bedding, LLC ("SSB") to respectfully request that the Court issue an order permitting the filing under seal of the unredacted versions of: (1) SSB's Motion to Dismiss (the "Motion") and (2) and Amendment No. 1 to First Lien Term Loan Agreement (the "Amended Credit Agreement"), attached as Exhibit A to the Declaration of David J. Lender, dated August 27, 2020 (collectively with the Motion, the "Documents"). Pursuant to Rule I.D.ii.1. of your Honor's Individual Rules and Practices ("Individual Rules"), SSB has conferred with counsel of record regarding the requested redactions in an effort to narrow the scope of the request, and Plaintiffs do not oppose, nor do they consent to, the below request. SSB submits this letter-motion to request that the Documents be filed under seal and that the public versions of the Documents be redacted. *See* Individual Rules, Rule I.D.ii.2-3.

### Sealing is Appropriate in this Action

A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "There is a common law presumption in favor of permitting public access to judicial documents," but "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Competitively-sensitive information should be protected against public disclosure if the disclosure would cause significant and irreparable competitive injury. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would

Hon. George B. Daniels  
August 27, 2020  
Page 2

**Weil, Gotshal & Manges LLP**

subject a party to financial harm and cause significant competitive disadvantage); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases. This competitive injury is sufficiently serious to warrant protection.").

Courts in this District routinely seal documents to prevent the disclosure of confidential business information. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *DISH Network L.L.C. vs. ESPN, Inc., et al.*, 09-CV-6875-JGK-FM (S.D.N.Y.), Dkt. 19 (entering protective order permitting parties to treat as confidential "proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" and "agreements with third parties, information regarding current or future business or financial transactions, . . . [and] rates or planning information"); *see also PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting a motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship").

Here, SSB seeks to seal only portions of the Documents that contain confidential business terms and financially sensitive, non-public information regarding SSB, such as fees, interest rates, and affirmative covenants, the disclosure of which would likely result in competitive harm to SSB. Indeed, the redactions of the Documents are narrowly tailored to protect financially sensitive (*e.g.*, the dollar amount restrictions on SSB's use of the loans) and confidential information (*e.g.*, the confidentially negotiated amended terms to the First Lien Term Loan Agreement). The redacted portions of the Motion contain non-public financial terms of the Amended Credit Agreement. Importantly, disclosure of these private business terms would likely result in competitive harm to SSB. For example, disclosure of the economic terms on which SSB was willing to enter into the Amended Credit Agreement could disadvantage SSB in future negotiations with third parties in respect of similar agreements, particularly if SSB needs to negotiate an alternative restructuring transaction. *See Gracyzk v. Verizon Commc'ns, Inc.*, No. 18 Civ 6465 (PGG), 2020 WL 1435031, at *8–*9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations"). To protect parties from harm of this nature, courts in this Circuit have exercised their judicial discretion to seal judicial records. *See, e.g., Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *PDV Sweeny*, 2014 WL 4979316, at *3 (granting a motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"). In contrast, there is no benefit for the public from disclosure of the confidential information sought to be sealed. Thus, the competitive disadvantages

Hon. George B. Daniels
August 27, 2020
Page 3

**Weil, Gotshal & Manges LLP**

that would flow to SSB if such information were disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

**Prior Sealing Order in Related State Court Action**

A New York state court in a related case has already determined that there is good cause to seal the portions of these Documents that SSB requests to seal. *See North Star Debt Holdings, L.P. v. Serta Simmons Bedding, LLC*, No. 652243/2020 (N.Y. Sup. Ct.), NYSCEF Nos. 185, 187 (attached as Exhibits 1 and 2).

**Conclusion**

For the reasons stated above, SSB respectfully requests that this Court enter an Order: (1) sealing the unredacted version of the Motion; (2) maintaining the redactions of the publicly filed version of the Motion; (3) sealing the unredacted version of the Amended Credit Agreement; and (4) maintaining the redactions of the publicly filed version of the Amended Credit Agreement.

Respectfully submitted,

*s/ David J. Lender*

David J. Lender

cc: All counsel via ECF

3